MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA KANE (CSBN 150630)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102-3495
   Telephone:  415.436.7303
   Facsimile:   415.436.7234
   email: david.countryman@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>               Plaintiff,<br>       v.<br>1. APPROXIMATELY $146,050 IN UNITED STATES CURRENCY,<br><br>2. FOUR WESTERN UNION MONEY ORDERS, SERIAL NUMBERS 140874444122, 140874444131, 140874444140, 140874444158,<br><br>3. 124 ASSORTED PIECES OF MARIJUANA GROW EQUIPMENT,<br><br>4. 84 ASSORTED PIECES OF MARIJUANA GROW EQUIPMENT,<br><br>5. 27 ASSORTED PIECES MARIJUANA GROW EQUIPMENT.<br>               Defendants. | No. CV 10-4580 MEJ<br><br>SETTLEMENT AGREEMENT |

///

///

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendants are approximately $146,050 in United States Currency (the "defendant $146,050"); four Western Union money orders serial numbers 140874444122, 140874444131, 140874444140, 140874444158 (the "defendant money orders"); 124 assorted pieces of marijuana grow equipment; 84 assorted pieces of marijuana grow equipment; and 27 assorted pieces marijuana grow equipment (the "defendant "grow equipment," collectively the "defendant property"). After proper notification and publication was given, no party filed a timely claim, but Eric Quoc Tran subsequently requested an extension of time for which to file a claim, and the United States agreed. As such, Tran is the only potential claimant in this action. The United States and Tran are hereafter referred to as the "parties" in this document, which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties.

3. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

4. The parties have agreed that the United States will return $10,000 of the defendant $146,050 to Tran. The return of $10,000 (and all interest accrued thereon, subject to any delinquent debts owed to any federal, state, or local agencies) shall be in full settlement and satisfaction of any and all claims by Tran, his heirs, representatives and assignees to the defendant property. Tran, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all acts directly or indirectly related to the seizure of defendant property and the facts alleged in the Complaint for Forfeiture filed on or about October 8, 2010.

5. Tran agrees that sufficient evidence exists to establish forfeiture of the remainder of

the defendant $146,050 ($136,050 plus all interest accrued on that portion) and the defendant money orders (plus all interest accrued thereon), pursuant to Title 21, United States Code, Section 881(a)(6), and also agrees that sufficient evidence exists to establish forfeiture of the defendant grow equipment, pursuant to Title 21, United States Code, Section 881(a)(2), and consents to its forfeiture to the United States without further notice to him. Tran further relinquishes all right, title and interest in the remainder of the defendant $146,050, the defendant money orders, and the defendant grow equipment, and agrees that said property shall be forfeited to the United States and disposed of according to law by the United States.

6. The United States and Tran agree that each party shall pay its own attorneys' fees and costs.

7. Based on the foregoing Settlement Agreement between the United States and Tran, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

Dated: 03/11/11

/S/
DAVID COUNTRYMAN
Assistant United States Attorney

Dated: 03/08/11

/S/
MICHAEL GAINES, ESQ.
Attorney for Eric Quoc Tran

Dated: 03/08/11

/S/
ERIC QUOC TRAN
Potential Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS ____ DAY OF __March 11__, 2011.

_____
HONORABLE MARIA ELENA JAMES
United States Magistrate Judge